UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JOHN DELANEY, Guardian Ad Litem and Special Limited Conservator of ANDY R. DAVIS, a protected person, and SHANNON HUMANN DAVIS, Individually, and as Guardian Ad Litem of DH and KKD, minor children,<br><br>        Plaintiffs,<br><br>  vs.<br><br>RAPID RESPONSE, INC., MARK A. DEPROW, and RAPID RESPONSE 1, LLC,<br><br>        Defendants. | CIV. 12-5076-JLV<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL**<br>DOCKET NO. 45 |

    This diversity action is pending before this court alleging claims on behalf of plaintiffs against defendants sounding in negligence arising out of a collision between defendants' semi-tractor trailer and plaintiffs' motorcycle on July 24, 2012.  See Docket No.36.  Defendants Rapid Response, Inc. and Mark A. DeProw admitted service of the summons and amended complaint on June 12, 2013.  See Docket No. 19.[1]  Rapid Response 1, LLC was served with a summons and a copy of plaintiffs' complaint on February 28, 2014.[2]  See Docket No. 38.

---

[1] The parties later stipulated to the dismissal of Mark A. DeProw from this lawsuit.  See Docket No. 30.

[2] Defendant Rapid Response 1, LLC was added as a defendant when plaintiffs amended their complaint on February 27, 2014.  See Docket No. 36.

Although Rapid Response 1, LLC filed a corporate disclosure statement as required by Federal Rule of Civil Procedure 7.1 (see Docket No. 42), plaintiffs allege that Rapid Response 1, LLC has never provided them with documentation regarding possible indemnification insurance.  Plaintiffs now move the court for an order directing Rapid Response 1, LLC to provide such documentation to plaintiffs.  See Docket No. 45.  Plaintiffs allege in their motion that they conferred in good faith with counsel for Rapid Response 1, LLC in an attempt to work out a compromise of this issue, to no avail.  Rapid Response 1, LLC has not filed a response to plaintiffs' motion to compel and the time for doing so has now elapsed.

Rule 26 of the Rules of Civil Procedure provides that parties must make certain disclosures of information and documents voluntarily at the beginning of a lawsuit.  Among the items a party must disclose for inspection and copying without the other side having to ask for it is:

> Any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

See FED. R. CIV. P. 26(a)(1)(A)(iv).

Rapid Response 1, LLC has not provided a copy of any liability insurance policy to plaintiffs.  This defendant has also not represented that it has no such insurance policy.  Accordingly, good cause appearing, it is hereby

ORDERED that plaintiffs' motion to compel [Docket No. 45] is hereby granted.  It is further

ORDERED that defendant Rapid Response 1, LLC shall immediately provide to plaintiffs a copy of any document answering the description found at Rule 26(a)(1)(A)(iv).  If no such document exists, defendant Rapid Response 1, LLC shall so declare under oath and immediately serve plaintiffs with a copy of its sworn statement to this effect.

Dated July 14, 2014.

BY THE COURT:

/s/ Veronica L. Duffy
VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE